# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ZARIAH GAELYN-LEVAI &
JADE GAELYN-LEVAI,

    Plaintiff,                                 CASE NO.: 8:22-cv-2180

v.

SETH P. COLLEY &
NWLFD, INC.

    Defendants.
_____/

## DEFENDANTS' NOTICE OF REMOVAL

Defendants, SETH P. COLLEY & NWLFD, INC., notice the removal of the civil action bearing case number 22-CA-007274 on the docket of the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, to the United States District Court for the Middle District of Florida—Tampa Division. This Court has jurisdiction under 28 U.S.C. § 1332, diversity jurisdiction. The grounds for removal are as follows:

**I.**

Plaintiffs, Zariah Gaelyn-Levai and Jade Gaelyn-Levai, commenced this personal injury action on August 26, 2022, by filing a Complaint against Defendants, Seth P. Colley and NWLFD, Inc., in the Circuit Court of the

Thirteenth Judicial Circuit, in and for Hillsborough County, Florida. The Summons and Complaint was served upon Defendants on or about September 2, 2022.

## II.

This Court has jurisdiction over this civil action pursuant to 28 U.S.C.A. § 1332. Specifically, there is diverse citizenship amongst the parties. Plaintiffs are both Florida citizens. Defendant, Seth P. Colley, is a Tennessee citizen, as he maintains his primary residence there, he has a Tennessee drivers' license, he lives in Tennessee for most of the year, and he considers the State of Tennessee to be his domicile. Defendant, NWLFD, Inc., is a Texas corporation with its principal place of business in the city of Cedar Park, Williamson County, Texas. As such, there is complete diversity amongst the parties.

## III.

The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. In her Complaint, Plaintiff, Zariah Gaelyn-Levai, claims that she is entitled to recover damages for permanent injury to the body as a whole, loss of capacity for the enjoyment of life, loss of earning capacity, and medical expenses. Plaintiff, Jade Gaelyn-Levai, also claims that she is entitled to recover damages for the loss of her spouse's companionship, services, support, affection and consortium. The Complaint has no *ad damnum* clause, but when a plaintiff in a diversity action has not pled a specific amount of

damages, a defendant can properly remove the matter to Federal court if it can demonstrate, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional requirement. *Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1319 (11th Cir. 2001); *Lowery v. Ala. Power Co.,* 483 F.3d 1184, 1208 (11th Cir. 2007), *reh'g en banc denied*, Nos. 06-16324, 06-16325, 2008 WL 41327 (11th Cir. Jan. 3, 2008), *petition for cert. filed*, 16 U.S.L.W. 3540 (U.S. Apr. 1, 2008) (No. 07-1246).

Plaintiff, Zariah Gaelyn-Levia's, claimed recoverable medical specials totaled $235,149.52 as of July 8, 2022. *See* correspondence from Plaintiff's Counsel dated July 8, 2022, with corresponding attachments and medical bills, **Composite Exhibit 1**. Plaintiff incurred $83,137.15 in medical expenses with her treatment from Longleaf Surgery Center alone; accordingly, the amount in controversy clearly exceeds the sum of $75,000, exclusive of interest and costs. Plaintiff, Jade Gaelyn-Levia, has also asserted a loss of consortium claim against Defendants, with regard to the subject incident. While the claims of multiple plaintiffs are "separate and distinct," the Supreme Court has held that if the claims of a single plaintiff meet the jurisdictional threshold, the court may assert supplemental jurisdiction over the claims of additional plaintiffs, such as those raised by Jade Gaelyn-Levia, here. *Exxon Mobil Corp. v. Allapattah Services, Inc.,* 545 U.S. 546, 549 (2005) (holding "…where the other elements of jurisdiction are present and at least one named plaintiff in

the action satisfies the amount-in-controversy requirement [28 U.S.C.] §1367 does authorize supplemental jurisdiction over the claims of other plaintiffs…"); see also, *McAndrew v. Nolen,* 2009 WL 259735 (N.D. Fla. 2009) (holding if Mrs. McAndrew's negligence claim exceeds the jurisdictional amount, the court may exercise supplemental jurisdictional over Mr. McAndrew's loss of consortium claim and the claims need not each exceed the jurisdictional amount).

### IV.

Removal is timely pursuant to 28 U.S.C. § 1446(b)(3) as this Notice of Removal is being filed within thirty (30) days of service on Defendants.

### V.

Pursuant to 28 U.S.C. §1446(a) copies of all process, pleadings, and orders served upon Defendants are attached to this Notice of Removal. *See* **Exhibit 2.**

### VI.

Concurrent with the filing of this Notice of Removal, notice is being given to all parties, and a copy of this Notice of Removal is being filed with the Clerk of Court for the Thirteenth Judicial Circuit Court in and for Hillsborough County, Florida.

**WHEREFORE**, Defendants, SETH P. COLLEY & NWLFD, INC., give notice that the proceeding bearing Case Number 22-CA-007274 on the docket of the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough

County, Florida, entitled *Zariah Gaelyn-Levai and Jade Gaelyn-Levai v. Seth P. Colley and NWLFD, Inc.,* is removed therefrom to the docket of this Court for trial and determination as provided by law. Defendants, Seth P. Colley & NWLFD, Inc., pray that this Court enters such orders and issues such processes as may be proper to bring before it a copy of all related records and proceedings in the State Court and there upon proceed with this civil action as if it had originally commenced in this Court.

Respectfully submitted:

*/s/ Kyle J. Goss*
Scott P. Yount, FBN: 0021352
Kyle J. Goss, FBN: 1002414
Garrison, Yount, Forte & Mulcahy, L.L.C.
601 Bayshore Boulevard, Suite 800
Tampa, Florida 33606
Phone: 813-275-0404
Fax: 813-275-0304
E-Mail: syount@garrisonyount.com
E-mail: kgoss@garrisonyount.com
Attorneys for Defendants